```
 1  MARK G. TRATOS, ESQ.
    Nevada Bar No. 1086
 2  tratosm@gtlaw.com
    DONALD L. PRUNTY, ESQ.
 3  Nevada Bar No. 8230
    pruntyd@gtlaw.com
 4  SHAUNA L. NORTON, ESQ.
    Nevada Bar No. 11320
 5  nortons@gtlaw.com
    BETHANY L. RABE, ESQ.
 6  Nevada Bar No. 11691
    rabeb@gtlaw.com
 7  GREENBERG TRAURIG, LLP
    3773 Howard Hughes Parkway
 8  Suite 400 North
    Las Vegas, Nevada 89169
 9  Telephone: (702) 792-3773
    Facsimile: (702) 792-9002
10  Counsel for Plaintiff
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| X-TREMENTERPRISE, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN IMAGINEVISION TECHNOLOGY LIMITED, a foreign entity,<br><br>Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT**<br><br>(1) Trademark Infringement under 15 U.S.C. § 1114<br>(2) Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)<br>(3) Common Law Trademark Infringement<br>(4) Deceptive Trade Practices under N.R.S. 598.0903, et seq.<br>(5) Intentional Interference with Prospective Economic Advantage |

For its complaint against Defendant Shenzhen ImagineVision Technology Limited ("Defendant"), Plaintiff X-Trementerprise ("Plaintiff") complains and alleges as follows:

///

///

LV 421126275v2

## NATURE OF ACTION

This is an action for trademark infringement, unfair competition and false designation of origin under federal statutes, with pendent claims for common law trademark infringement, state deceptive trade practices, and intentional interference with prospective economic advantage. Plaintiff seeks damages, attorneys' fees, costs, and all other relief to which it may be entitled.

## JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court may exercise personal jurisdiction over Defendant by virtue of Defendant committing acts of trademark infringement in the State of Nevada which it knew or should have known would cause injury in Nevada. In particular, Defendant has conducted business and has directly harmed Plaintiff in this District by using, selling, offering for sale, and/or importing products that infringe on Plaintiff's trademark rights at the 2018 National Association of Broadcasters Trade Show ("2018 NAB") held on April 9-12, 2018 at the Las Vegas Convention Center in Las Vegas, Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) and (c). Venue lies in the unofficial Southern Division of this Court.

## PARTIES

4. Plaintiff is a foreign corporation organized and existing under the laws of France.

5. Upon information and belief, Defendant Imagine Vision is a Chinese company with a principal place of business located at 1A, F5, TCL International E City, 1001 Zhong Shan Park Road, Nan Shan, Shenzhen, China.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff is a global creator and distributor of high quality consumer electronic devices, including digital cameras and related devices.

LV 421126275v2

7. Plaintiff owns the exclusive right to use the trademarks Z CAM and its Z design logo (the "Z CAM Marks") shown below in connection with cameras, camera lenses and wide variety of related electronic devices and accessories.



8. The primary product sold under the Z CAM Marks is a high quality digital camera.

9. Plaintiff has obtained the following U.S. federal trademark registrations for its Z CAM Marks:

   a. Z CAM (U.S. Registration No. 5,366,698) in International Class 9 for "Cameras and video cameras, camera lenses" and a wide variety of related goods and in International Class 12 for Apparatus for locomotion by air, namely, drones for taking aerial shots using a camera or on-board photographic apparatus";

   b. Z (and design) (U.S. Registration No. 5,372,025) in International Class 9 for "Cameras and video cameras, camera lenses" and a wide variety of related goods and in International Class 12 for Apparatus for locomotion by air, namely, drones for taking aerial shots using a camera or on-board photographic apparatus."

10. Neither of these federal trademark registrations has been abandoned, canceled or revoked.

11. Since 2015, Plaintiff has continuously used its Z CAM Marks in connection with advertising, promoting and selling its cameras and related goods throughout the United States and around the world.

12. Plaintiff has spent substantial sums of money to advertise and promote the Z CAM Marks in print, broadcast media and on the internet.

13. Based upon its federal registrations and extensive use, Plaintiff owns the exclusive right to use the Z CAM Marks in connection with cameras, lenses and related goods.

LV 421126275v2

14. The uniqueness of the Z CAM Marks and the extensive advertising and promotion by Plaintiff have resulted in the Z CAM Marks being distinctive for cameras and related consumer electronic devices and accessories.

15. Upon information and belief, Defendant manufactures a line of digital cameras in Shenzhen, China.

16. Upon information and belief, and without Plaintiff's authorization, Defendant has marketed, promoted, sold and offered for sale its digital cameras under Plaintiff's Z CAM and Z (and design) marks to customers in the United States.

17. Upon information and belief, Defendant is a registered exhibitor at the 2018 NAB trade show in Las Vegas, Nevada in booth number C1052 and has copied Plaintiff's Z CAM Marks to market, promote and sell their digital cameras and related products at the trade show. Photographs depicting Defendant's infringing use of Plaintiff's Z CAM Marks at the 2018 NAB trade show are shown here:




LV 421126275v2



18. Defendant is aware of Plaintiff's rights in the Z CAM Marks as Plaintiff and Defendant have a former business relationship. Nevertheless, Defendant intentionally adopted the Plaintiff's marks to take advantage of the good will and reputation of the Z CAM Marks and continue to do so knowing of the harm such actions will cause Plaintiff and the public.

19. On or about March 28, 2018, Plaintiff sent Defendant a cease and desist letter demanded that Defendant immediately discontinue all use of the Z CAM Marks. Defendant failed to respond to the letter and, despite being put on notice, has continued its infringing activities. A true and correct copy of the March 28th cease and desist letter is attached hereto as **Exhibit 1**.

20. Defendant is not authorized to use Plaintiff's trademarks in connection with its cameras and other related consumer electronics.

21. Defendant's use of Plaintiff's Z CAM Marks on goods that are identical to those sold by Plaintiff is likely to cause confusion, mistake, and/or deceive consumers into believing that Defendants' products are sponsored by or affiliated with Plaintiff.

22. Defendant's unauthorized use of Plaintiff's Z CAM Marks dilutes the distinctive qualities of Plaintiff's brand and affects Plaintiff's ability to control the quality of the products being offered for sale under its marks and places its reputation and good will in the hands of Defendant, over whom Plaintiff has no control.

23. By using Plaintiff's Z CAM Marks in connection with products that are identical to those sold by Plaintiff under the same marks, Defendant was and is attempting to create an association between Defendant and Plaintiff.

24. By using Plaintiff's Z CAM Marks in connection with products that are identical to those sold by Plaintiff under the marks, Defendant was and is attempting to trade on the goodwill

LV 421126275v2

established by Plaintiff in its Z CAM Marks.

## FIRST CLAIM FOR RELIEF
(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)

25. Plaintiff incorporates allegations in the preceding paragraphs as if fully set forth herein.

26. Defendant's use in commerce of identical and/or confusingly similar trademarks to for identical goods and services constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's Z CAM Marks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

27. By using Plaintiff's Z CAM Marks and/or marks that are confusingly similar to Plaintiff's Z CAM Marks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks in Las Vegas, across the United States, and around the world, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

28. Defendant's use of Plaintiff's Z CAM Marks and/or marks that are confusingly similar to Plaintiff's Z CAM Marks has created a likelihood of confusion among consumers who may falsely believe that Defendant's business or products are associated with Plaintiff's products or that Plaintiff sponsors or approves of Defendant's activities.

29. Defendant's unauthorized use of the Z CAM Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1).

30. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

31. Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
(Unfair Competition and False Designation of Origin under Lanham Act, 15 U.S.C. § 1125(a))

32. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth

LV 421126275v2

herein.

33. Defendant's use in commerce of marks identical and/or confusingly similar to Plaintiff's trademarks in connection with Defendant's goods constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities.

34. Defendant's use in commerce of Plaintiff's Z CAM Marks and/or marks confusingly similar to Plaintiff's trademarks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's goods and commercial activities.

35. As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### THIRD CLAIM FOR RELIEF
(Common Law Trademark Infringement)

36. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

37. By virtue of having used and continuing to use its trademarks, Plaintiff has acquired common law rights in those marks.

38. Defendant's use of marks that are identical and/or confusingly similar to Plaintiff's trademarks infringes Plaintiff's common law rights in its trademarks, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's products and services originate from, or are affiliated with, or endorsed by Plaintiff when, in fact, they are not.

39. As a direct and proximate result of Defendant's infringement of Plaintiff's common law trademark rights under Nevada and other common law, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

### FOURTH CLAIM FOR RELIEF
(Deceptive Trade Practices
Under N.R.S. § 598.0915)

40. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 421126275v2

herein.

41. Upon information and belief, in the course of conducting their business, Defendant knowingly made false representations as to affiliation, connection and/or association with Plaintiff by using marks that are identical and/or confusingly similar to Plaintiff's trademarks and otherwise engaging in deceptive trade practices.

42. As the direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

### FIFTH CLAIM FOR RELIEF
(Intentional Interference with
Prospective Economic Advantage)

43. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. Upon information and belief, at the time Defendant's adopted and began using Plaintiff's Z CAM Marks and since that time, Defendant knew and has known that Plaintiff is in the business of selling and distributing high end consumer electronic devices, namely, digital cameras under its Z CAM Marks.

45. Upon information and belief, Defendant committed acts intended or designed to disrupt Plaintiff's prospective economic advantage arising from advertising and/or providing these products.

46. Defendant's actions have disrupted or are intended to disrupt Plaintiff's business by, among other things, diverting customers away from purchasing Plaintiff's products and instead luring them to purchase Defendant's products.

47. Defendant has no legal right, privilege or justification for their conduct.

48. As a direct and proximate result of Defendant's intentional interference with Plaintiff's prospective economic advantage, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury.

49. Based on the intentional, willful and malicious nature of Defendant's actions,

LV 421126275v2

Plaintiff is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendant, its respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from using Plaintiff's Z CAM and Z (and design) trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on websites, including social media websites, and in domain names);

B. A judgment for Plaintiff against Defendant for willful infringement of Plaintiff's Z CAM Marks, including three times Defendant's profits or Plaintiff's damages, whichever is greater, together with all of Plaintiff's litigation expenses, including reasonable attorneys' fees and costs of this action;

C. A judgment for Plaintiff against Defendant for unfair competition, including three times Defendant's profits or Plaintiff's damages, whichever is greater, together with all of Plaintiff's litigation expenses, including reasonable attorneys' fees and costs of this action;

D. An award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial;

E. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

F. All other relief to which Plaintiff is entitled.

///
///
///
///
///
///

LV 421126275v2

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues for which a trial by jury may be had.

DATED: this 11th day of April, 2018.

**GREENBERG TRAURIG, LLP**

*/s/ Mark G. Tratos*
Mark G. Tratos (Bar No. 1086)
Donald L. Prunty (Bar No. 8230)
Shauna L. Norton (Bar No. 11320)
Bethany L. Rabe (Bar No. 11691)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
*Counsel for Plaintiff*

# VERIFICATION

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK__    )

I, Franck Bywalski, do hereby verify that I am the person most knowledgeable at X-Trementerprise, that I have read the foregoing Verified Complaint, and the statements contained therein are to the best of my knowledge, information and belief, true and correct.

Franck Bywalski

SUBSCRIBED and SWORN to before me this 11th day of April, 2018.

_____
Notary Public



Kathleen Neilson
Notary Public
State of Nevada
My Commission Expires: 02-19-22
Certificate No: 10-1534-1

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 421126275v2