# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| X-Trementerprise, et al., | Case No.: 2:18-cv-00650-JAD-PAL |
| Plaintiffs/counter-defendants | |
| v. | **Order Denying Motion to Dismiss Without Prejudice** |
| Shenzhen ImagineVision Technology Ltd., et al., | [ECF No. 14] |
| Defendants/counter-plaintiffs | |

This suit began as primarily a trademark-infringement action between plaintiff X-Trementerprise (X-Treme), a French corporation, and defendant Shenzen ImagineVision, a Chinese company, over a brand of digital cameras.[1] After ImagineVision counterclaimed, X-Treme filed an amended complaint that added XSories, another foreign corporation, as a plaintiff, several foreign entities and individuals as defendants, and eight new claims sounding in contract and tort.[2] This now-expanded action centers on a joint-venture agreement to develop, manufacture, and sell miniature sports cameras worldwide, including the brand at issue in the trademark dispute. This agreement resulted in the creation of ImagineVision, which was intended to allow the parties to the agreement to conduct business in China. XSories alleges that it is entitled to a 30% share of ImagineVision but was cut out of the joint venture by several of the new defendants in violation of the underlying agreement.[3]

---

[1] ECF No. 1 at 1–3 (original complaint).
[2] ECF No. 13 (operative complaint).
[3] *Id.* at ¶¶ 51–61.

ImagineVision moves to dismiss four of the new claims alleged in the amended complaint for lack of subject-matter jurisdiction and improper venue, arguing that they are subject to arbitration under a provision of the joint-venture agreement requiring that "[a]ll disputes arising from the performance of [the] Agreement" to be arbitrated in Hong Kong.[4] Although ImagineVision isn't a signatory to the agreement,[5] it relies on the principle of equitable estoppel, which, under some circumstances, allows a non-signatory to an agreement to enforce that agreement's arbitration clause against one of its signatories.[6] ImagineVision also urges me to dismiss all of the new claims against the added defendants—even though they haven't been served yet and thus haven't joined in its motion—because it contends that they too would be subject to arbitration and that this court would lack personal jurisdiction over them.[7]

But I don't reach the merits of ImagineVision's arbitration arguments because, as the plaintiffs point out, ImagineVision requests the wrong form of relief by only seeking to dismiss the select new claims and not also moving to compel arbitration. Citing to an unpublished district court decision, ImagineVision briefly argues that dismissing an action under FRCP

---

[4] ECF No. 14 at 6 (citing ECF No. 14-1 at 20 (joint-venture agreement)).

[5] *Kramer v. Toyota Motor Corp*., 705 F.3d 1122, 1126 (9th Cir. 2013) ("Generally, the contractual right to compel arbitration may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." (internal quotation marks and citation omitted)).

[6] *Id*. at 1128 ("Where a nonsignatory seeks to enforce an arbitration clause, the doctrine of equitable estoppel applies in two circumstances . . . .").

[7] ECF No. 14 at 10–13.

2

12(b)(1) for lack of subject-matter jurisdiction is the proper remedy when a contract requires arbitration.[8] It also contends that courts have similarly relied on FRCP 12(b)(6).[9]

But the question of what type of Rule 12(b) motion is proper under these circumstances misses the point. The Federal Arbitration Act (FAA) "reflects" the "liberal federal policy favoring arbitration,"[10] and thus allows a party who believes that a dispute falls within the ambit of an arbitration agreement to move a district court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."[11] If the court finds that the agreement applies, it has no discretion on the matter and must order the parties to arbitrate part or all of their dispute.[12] And by compelling arbitration, a court must remove the case from its own docket and therefore usually dismisses it without prejudice—sometimes relying on Rule 12(b)(1) or 12(b)(6).

---

[8] ECF No. 16 at 6; *Filimex, LLC v. Novoa Invs., LLC*, 2006 WL 2091661, at *2 (D. Ariz. July 17, 2006) ("Although section four of the Federal Arbitration Act ('FAA') provides for the filing of a motion to 'compel' arbitration, courts have held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction 'is a procedurally sufficient mechanism to enforce [an][a]rbitration [p]rovision.'" (alterations in original) (quoting *Cancer Ctr. Assocs. for Research & Excellence, Inc. v. Philadelphia Ins. Cos.*, 2015 WL 1766938, at *2 (E.D. Cal. Apr. 17, 2015))). Curiously, the only other case that ImagineVision cites on this matter questions the propriety of dismissing an action under Rule 12(b)(1). *Minn. Supply Co. v. Mitsubishi Caterpillar Forklift Am. Inc.*, 822 F. Supp. 2d 896, 905 n.10 (D. Minn. 2011) ("To dismiss a federal action for lack of subject matter jurisdiction *because* the dispute is subject to a binding arbitration agreement mistakenly assumes that an arbitrable dispute, by definition, falls outside the realm of federal jurisdiction. Moreover, the fact that the parties have contractually agreed to resolve any particular dispute by arbitration says nothing about whether that dispute would satisfy federal question, diversity or any other basis of subject-matter jurisdiction.").

[9] *See, e.g.*, *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1056 (9th Cir. 2004) (addressing a motion to compel arbitration brought under FRCP 12(b)(6)).

[10] *Kramer*, 705 F.3d at 1126 (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

[11] 9 U.S.C. § 4.

[12] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

3

Here, ImagineVision seeks to dismiss the new joint-venture-related claims because it contends that they must be arbitrated, but it does not also move for an order mandating arbitration. Rather, it appears that ImagineVision expects that, if these claims are dismissed, the parties will amicably agree to initiate arbitration. But that is not what the FAA calls for. If ImagineVision believes that the joint-venture agreement's arbitration provision covers the new claims that it highlights, then it must move to compel arbitration.[13] I therefore deny ImagineVision's motion to dismiss without prejudice to its ability to move to compel arbitration. Accordingly,

IT IS HEREBY ORDERED that ImagineVision's motion to dismiss **[ECF No. 14] is DENIED without prejudice.**

Dated: March 31, 2019

                                               U.S. District Judge Jennifer A. Dorsey

---

[13] As the plaintiffs point out, the lack of an order compelling arbitration would be particularly problematic in this case given that ImagineVision is not a signatory to the joint-venture agreement.